UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 4:16 CR 00372-001 |
| | ) | |
| PLAINTIFF | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| VS. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| BENNY THOMAS HUNT | ) | |

POSITION OF THE DEFENDANT AS TO SENTENCING

On July 6, 2017, the Defendant, BENNY THOMAS HUNT, age 40, will come before this Honorable Court for sentencing in connection with a guilty plea entered on March 27, 2017 to the following offenses:

Count 1
 Enticement
18 U.S.C. Section 2122(B)
10 years to life
$250,000 Fine (Class A Felony)

Counts 2 & 3
Sexual Exploitation of Children
18 U.S.C (Section 2251(a)(e)
15 years to 30 years imprisonment
$250,000 Fine (Class B Felony)

Although the Defendant Hunt has accepted responsibility for his conduct, the purpose of the instant memorandum is to perhaps explain the conduct set forth in the indictment.

As can be seen from the Presentence Report, Mr. Hunt has worked steadily his entire life (PSR 89-91).  In fact, Mr. Hunt improved his employment potential by attending in 2005 an online program for web design through the International Academy for Design and Technology (PSR 88).  Most of Mr. Hunt's employment positions were of a leadership and supervisory

1

role over other employees.  At the same time, Mr. Hunt suffered from a mediocre upbringing where his father never worked and was on disability and his mother progressively suffered from a lifetime of alcoholic conditions.  Mr. Hunt also suffered from alcoholic conditions and mental health issues associated with his mental and emotional health (PSR-86).

At the time of sentencing this Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing set forth in 18 U.S.C. 3553(a).  Minimally, the Defendant will serve 15 years in a federal prison.  Defendant is of the position that a 15 year sentence is sufficient.  Anything more than that sentence would be greater than necessary to comply with the mandate of Section 3553(a).  Defendant is in a Criminal History Category I, with zero points and two convictions for driving on a suspended license in 2002 and 2003 in Illinois at the age of 26.  Mr. Hunt has essentially lived as a responsible citizen and a law abiding life, safe and except from the present offense.  The offense conduct is essentially set forth in the Plea Agreement at paragraph 21 and to some degree in the presentence report.

Although these offenses involving children are almost always disturbing, Defendant has begun a path of rehabilitation.  Defendant acknowledges in his presentence interview on April 19, 2017, the harm associated with child sex offenses and expresses sincere contrition for his conduct.  He states that he accepts a lengthy prison sentence in comparison to the lifetime of suffering caused to the victim and family.

Defendant does state that his conduct is limited to one victim.  Defendant denies any relevant conduct which would broaden the offense conduct to other minor victims.

In support of this position, Mr. Hunt points to his 100 percent disclosure to law enforcement of the facts which relate to this victim. Mr. Hunt, at the moment that these offenses became known to law enforcement, cooperated fully in detailing and describing his conduct. As set forth in this case file, the explanation of Defendant's conduct is mostly unchallenged. Defendant was willing to by polygraphed on any and all issues surrounding his conduct in this case (PSR-28), including the fact that both Mr. Hunt and the victim agree she first introduced herself as 24 years of age. The age was soon corrected by the victim and Mr. Hunt was aware of her actual age. The information set forth at paragraph 10 of the PSR that Mr. Hunt requested nude photographs of the victim's friends, is denied by Mr. Hunt. Also set forth in paragraph 10 is the statement that the victim in this case was also involved in a sexual relationship with an 18 year old male from Weathersfield Township, Ohio. Although Mr. Hunt does not point to this allegation as mitigation of his sentence, he is unaware of any investigation or prosecution of what would also be a criminal offense involving the subject child.

Of the goals set out in 18 U.S.C. Section 3553(a)(2), the Government, and surely the Court, will consider carefully the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offenses;" "to afford adequate deterrents to criminal conduct;" "to protect the public from further crimes of the Defendant;" and "the need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty of similar conduct." Accordingly, Mr. Hunt recognizes that a "significant" sentence is in order. Nonetheless, especially with the command that the sentence "would be sufficient, but not greater than necessary," a mandatory minimum

of 15 years would still meet the goal that the sentence reflects the seriousness of the offense. Despite the instant offense, there is reason to believe that Mr. Hunt will not reoffend, that after his sentence is served that the need to protect the public from further crimes of Mr. Hunt resonates in favor of Mr. Hunt.  Mr. Hunt's decision to pursue this unlawful relationship appears to be a single bad decision.  Mr. Hunt's willingness to be polygraphed on issues involving future harm to children speaks loudly to this issue.

## CONCLUSION

For the reasons stated above, it is respectfully submitted that the Defendant be sentenced to the mandatory minimum of 15 years.

Respectfully submitted,

/s/ JAMES S. GENTILE
JAMES S. GENTILE (#0029573)
ATTORNEY FOR DEFENDANT
The Liberty Building
42 N. Phelps Street
Youngstown, OH  44503-1130
Phone:  (330) 746-5000
Fax:     (330) 743-2536

**CERTIFICATION**

I hereby certify that a copy of the foregoing Sentencing Memorandum has been sent via e-mail this _____ day of July, 2017 to the following:

Michael A. Sullivan
Assistant United States Attorney
Office of the United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, OH  44113

                                                                    */s/ JAMES S. GENTILE*
                                                                    JAMES S. GENTILE
                                                                    ATTORNEY FOR DEFENDANT